IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC HAFNER,

    Plaintiff,

v.  No. 23-cv-01151-MIS-JHR

NEW MEXICO GOVERNOR MICHELLE
LUJAN GRISHAM, NEW MEXICO
ATTORNEY GENERAL RAUL TORREZ,
NEW MEXICO SECRETARY OF STATE
MAGGIE TOULOSE OLIVER,

    Defendants.

## ORDER DISMISSING COMPLAINT

Eric Hafner commenced this case by filing a Complaint for Declaratory and Injunctive Relief under 42 U.S.C. § 1983 on December 26, 2023. ECF No. 1 (the "Complaint"). Hafner is a federal prisoner, proceeding *pro se*. He asks the Court to issue an order requiring the named Defendants to declare that he is the New Mexico Democratic Party's primary candidate for a United States House of Representatives seat representing New Mexico's second congressional district in the 2024 election and to put his name on the ballot in the next general election. Having reviewed the Complaint and the relevant law pursuant to the screening requirement of 28 U.S.C. § 1915A, the Court finds that the Complaint must be dismissed for failure to state a claim upon which relief can be granted and, alternatively, for lack of jurisdiction. Plaintiff will be granted an opportunity to amend.

I.        **Factual Background.**[1]

A federal criminal complaint against Hafner was filed in the United States District Court for the District of New Jersey in October 2016. *See* D. N.J. case no. 3:19-cr-00790-ZNQ (Doc. 1). He was arrested the same month and held in pretrial detention pending trial. *See id*. (Doc. 9). Hafner entered a plea agreement, and on December 8, 2023, the court entered a judgment sentencing him to a 240-month term of imprisonment. *See id.* (Doc. 230). Hafner is serving his sentence in the custody of the Bureau of Prisons (the "BOP") and is currently incarcerated in Otisville Federal Correction Institution in Otisville, New York. See ECF No. 8. The BOP website shows that Hafner's scheduled release date is October 12, 2036. https://www.bop.gov/inmateloc (last visited 5/28/2024). Plaintiff does not allege that he has ever lived in or plans to live in New Mexico.

Hafner filed this lawsuit to challenge the constitutional validity of New Mexico's ballot requirements for candidates for United States House of Representatives—namely, the requirement of a certain number of signatures, fees, and in-person delivery of documents. ECF No. 1 at 12. He alleges that these requirements preclude his candidacy because he cannot satisfy them when he is in prison. He argues the state laws effectively bar him and "an entire class of candidates" from their right to hold office, guaranteed by Article I, Section 2 of United States Constitution.

He sues New Mexico's Governor, Secretary of State, and Attorney General in their official capacities, seeking to enjoin them from applying New Mexico's extra-constitutional requirements to him in his effort to be named on the ballot in the next general election as the Democratic

---

[1] The Court has taken judicial notice of publicly filed records in other courts concerning matters that bear directly upon the case at hand. *See St. Louis Baptist Temple v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

candidate for the U.S. House of Representatives, representing the second congressional district of New Mexico.

Hafner has filed similar litigation in multiple federal district courts across the country claiming to be a candidate for congressional races in at least seven other states. *See Hafner v. Oregon*, 3:23-cv-1859, slip op. (D. Or. Jan. 9, 2024) (dismissed on 28 U.S.C. § 1915(e)(2) review as frivolous); *Hafner v. Lombardo*, 2:23-cv-2141, 2024 WL 398630 (D. Nev. Feb. 1, 2024) (dismissed on 28 U.S.C. § 1915A review for lack of standing); *Hafner v. Mills*, 1:23-cv-463, 2024 WL 264094 (D. Me. Jan. 24, 2024) (dismissed under 28 U.S.C. §§ 1915(e)(2), 1915A review for lack of standing and failure to state a claim); *Hafner v. Reeves*, 3:23-cv-3179 (S.D. Miss. Dec. 27, 2023) (pending); *Hafner v. Hochul*, 1:23-cv-9517 (E.D.N.Y. Dec. 21, 2023) (pending); *Hafner v. Murphy*, 2:24-cv-81 (D.N.J. Jan. 3, 2024) (pending); *Hafner v. Scott*, No. 2:24-CV-165, 2024 WL 1309441, at *1 (D. Vt. Mar. 27, 2024) (dismissed without prejudice for failure to comply with order to provide current address).

**II.     Analysis.**

  A.  <u>Standard of Review</u>.

As Plaintiff is proceeding *pro se* in this civil action against government officials, the Complaint must be screened under 28 U.S.C. § 1915A. The Court must dismiss a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). To survive screening, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because he is *pro se*, the Court construes Hafner's pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (discussing the Court's construction of *pro se* pleadings). This means that "if the court can reasonably read the pleadings to state valid claim on which [he] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements." *Id.* It does not mean, however, that the court should "assume the role of [his] advocate[.]" *Id.*

B. <u>Pleading Standards Governing a § 1983 Claim.</u>

Hafner seeks to state claims under 42 U.S.C. § 1983, which provides a vehicle for the vindication of substantive rights guaranteed by the Constitution and laws of the United States. Section 1983 allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. A § 1983 claim is comprised of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trs. of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). Official-capacity lawsuits against state officials for damages are prohibited by the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Conversely, suing a state official in his or her official capacity for injunctive relief is permissible under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." *Id.* n.10.

C.  <u>The Complaint Does Not State a Viable Claim</u>.

Hafner's Complaint does not contain sufficient factual matter that, if true, would entitle him to the relief he seeks. Article I, Section 2 of the United States Constitution governing the House of Representatives provides, in part, "[n]o Person shall be a Representative who shall not have attained to the [a]ge of twenty-five Years. . . and who shall not, when elected, be an [i]nhabitant of that [s]tate in which he shall be chosen." Hafner has not alleged that he will be an inhabitant of the state of New Mexico in November 2024, and considering his present confinement in BOP custody, which is projected to end in 2036, he could not reasonably do so. As such, he does not have a right, secured by the Constitution, to represent New Mexico's second congressional district in the United States House of Representatives. His claim arising from the alleged deprivation of that right is frivolous and must be dismissed.

D.  <u>Lack of Standing</u>.

Additionally, or in the alternative, it appears that Hafner lacks standing to bring this lawsuit. "A party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights." *Cnty. Ct. of Ulster Cnty., N.Y. v. Allen*, 442 U.S. 140 (1979). Standing to raise a constitutional challenge is a prerequisite of this Court's jurisdiction under Article III of the Constitution. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97–98 (1998). "Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction at any stage in the litigation." *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks and citation omitted).

5

To satisfy the standing requirement, a plaintiff must "have suffered an injury in fact" that is "fairly traceable to the challenged action of the defendant," and that it is likely "that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (alternations, internal quotation marks and citations omitted). To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), as revised (May 24, 2016). "For an injury to be 'particularized,' it must affect the plaintiff in a personal and individual way." *Id.* (internal quotation marks and citation omitted). A "concrete" injury is one that "actually exist[s]," meaning it is real, not abstract. *Id.* at 340.

To satisfy the injury in fact requirement in a lawsuit challenging the constitutionality of state law that allegedly prohibits a plaintiff from seeking public office, the plaintiff must plausibly allege that they were "likely to apply" for the seat in question "in the reasonably foreseeable future" and that they are "able and ready to apply." *Carney v. Adams*, 592 U.S. 53, 60 (2020). Hafner has not satisfied this standard. He has not alleged that he has taken any steps to pursue the Democratic Party's nomination or that he has taken any action to otherwise legitimize his candidacy such that the Complaint supports a reasonable inference that he was likely to seek the House seat in question in the reasonably foreseeable future. Even if he had, however, he is not qualified for the seat under the United States Constitution and therefore he is not reasonably "able and ready to apply" for it. That Hafner is not qualified for the position likewise affects his ability to satisfy the redressability element of standing because it is implausible that a decision in his favor would result in his placement on the ballot. To the extent Hafner has suffered an injury traceable to the named Defendants, it is hypothetical, conjectural, and abstract.

### III. Plaintiff May File an Amended Complaint.

Generally, *pro se* plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless the amendment would be futile. *Hall*, 935 F.2d at 1109. It appears that amendment would be futile based on the ostensible lack of standing. Nevertheless, Hafner shall be granted a thirty-day deadline within which to file an amended complaint. If he declines to timely amend, the Court may dismiss the case with prejudice.

**IT IS ORDERED:**

(1) Each of the claims set forth in the Complaint **(ECF No. 1)** are **DISMISSED** without prejudice.

(2) Plaintiff is granted leave to file an amended complaint within thirty days of the entry of this Order. If Plaintiff does not timely file an amended complaint, this case will be dismissed.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE