IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC HAFNER,

    Plaintiff,

v.  No. 23-cv-01151-MIS-JHR

GOVERNOR OF NM MICHELLE
LUJAN GRISHAM, NEW MEXICO
ATTORNEY GENERAL RAUL TORREZ,
NEW MEXICO SECRETARY OF STATE
MAGGIE TOULOSE OLIVER,

    Defendants.

## ORDER OF DISMISSAL

THIS MATTER is before the Court following Plaintiff Eric Hafner's failure to file an amended complaint after the original Complaint was dismissed on screening. *See* ECF No. 12 ("Screening Order"). Hafner commenced this case by filing a Complaint for Declaratory and Injunctive Relief under 42 U.S.C. § 1983 on December 26, 2023. ECF No. 1 (the "Complaint"). Hafner is a federal prisoner, proceeding *pro se*. In the Complaint, he sought an order requiring the named Defendants to declare that he is the New Mexico Democratic Party's primary candidate for a United States House of Representatives seat representing New Mexico's second congressional district in the 2024 election and to put his name on the ballot in the next general election.

Hafner filed this lawsuit to challenge the constitutional validity of New Mexico's ballot requirements for candidates for the United States House of Representatives—namely, the requirement of a certain number of signatures, fees, and in-person delivery of documents. ECF No. 1 at 12. He alleged in the Complaint that these requirements preclude his candidacy because he cannot satisfy them when he is in prison. He argued the state laws effectively bar him and "an entire class of candidates" from their right to hold office, guaranteed by Article I, Section 2 of

United States Constitution. He sued New Mexico's Governor, Secretary of State, and Attorney General in their official capacities, seeking to enjoin them from applying New Mexico's extra-constitutional requirements to him in his effort to be named on the ballot in the next general election as the Democratic candidate for the U.S. House of Representatives, representing the second congressional district of New Mexico.

Hafner has filed similar litigation in multiple federal district courts across the country claiming to be a candidate for congressional races in at least seven other states. *See Hafner v. Oregon*, 3:23-cv-1859, slip op. (D. Or. Jan. 9, 2024) (dismissed on 28 U.S.C. § 1915(e)(2) review as frivolous); *Hafner v. Lombardo*, 2:23-cv-2141, 2024 WL 398630 (D. Nev. Feb. 1, 2024) (dismissed on 28 U.S.C. § 1915A review for lack of standing); *Hafner v. Mills*, 1:23-cv-463, 2024 WL 264094 (D. Me. Jan. 24, 2024) (dismissed under 28 U.S.C. §§ 1915(e)(2), 1915A review for lack of standing and failure to state a claim); *Hafner v. Reeves*, 3:23-cv-3179 (S.D. Miss. Dec. 27, 2023) (pending); *Hafner v. Hochul*, 1:23-cv-9517 (E.D.N.Y. Dec. 21, 2023) (pending); *Hafner v. Murphy*, 2:24-cv-81 (D.N.J. Jan. 3, 2024) (pending); *Hafner v. Scott*, No. 2:24-CV-165, 2024 WL 1309441, at *1 (D. Vt. Mar. 27, 2024) (dismissed without prejudice for failure to comply with order to provide current address).

In its Screening Order entered June 4, 2024, the Court concluded that Hafner's Complaint did not contain sufficient factual matter that, if true, would entitle him to the relief he seeks. ECF No. 12 at 5. Article I, Section 2 of the United States Constitution governing the House of Representatives provides, in part, "[n]o Person shall be a Representative who shall not have attained to the [a]ge of twenty-five Years . . . and who shall not, when elected, be an [i]nhabitant of that [s]tate in which he shall be chosen." Hafner has not alleged that he will be an inhabitant of the state of New Mexico in November 2024, and considering his present confinement in BOP

custody in Otisville, New York, which is projected to end in 2036, he could not reasonably do so. As such, he does not have a right, secured by the Constitution, to represent New Mexico's second congressional district in the United States House of Representatives. His claim arising from the alleged deprivation of that right is frivolous.

Additionally, or in the alternative, the Court concluded that Hafner lacks standing to bring this lawsuit. ECF No. 12 at 6. "A party has standing to challenge the constitutionality of a statute only insofar as it has an adverse impact on his own rights." *Cnty. Court of Ulster Cnty., N.Y. v. Allen*, 442 U.S. 140 (1979). Standing to raise a constitutional challenge is a prerequisite of this Court's jurisdiction under Article III of the Constitution. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 97–98 (1998). "Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction at any stage in the litigation." *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks and citation omitted).

To satisfy the standing requirement, a plaintiff must "have suffered an injury in fact" that is "fairly traceable to the challenged action of the defendant," and that it is likely "that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (alternations, internal quotation marks and citations omitted). To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), as revised (May 24, 2016). "For an injury to be 'particularized,' it must affect the plaintiff in a personal and individual way." *Id.* (internal quotation marks and citation omitted). A "concrete" injury is one that "actually exist[s]," meaning it is real, not abstract. *Id.* at 340.

To satisfy the injury in fact requirement in a lawsuit challenging the constitutionality of state law that allegedly prohibits a plaintiff from seeking public office, the plaintiff must plausibly allege that they were "likely to apply" for the seat in question "in the reasonably foreseeable future" and that they are "able and ready to apply." *Carney v. Adams*, 592 U.S. 53, 60 (2020). Hafner has not satisfied this standard. He has not alleged that he has taken any steps to pursue the Democratic Party's nomination or that he has taken any action to otherwise legitimize his candidacy such that the Complaint supports a reasonable inference that he was likely to seek the House seat in question in the reasonably foreseeable future. Even if he had, however, he is not qualified for the seat under the United States Constitution and therefore he is not reasonably "able and ready to apply" for it. That Hafner is not qualified for the position likewise affects his ability to satisfy the redressability element of standing because it is implausible that a decision in his favor would result in his placement on the ballot. To the extent Hafner's Complaint stated an injury traceable to the named Defendants, it was hypothetical, conjectural, and abstract.

Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the Court *sua sponte* permitted Hafner to file an amended complaint curing the above deficiencies within thirty days. The Court warned Hafner that the failure to timely file an amended complaint would result in the dismissal of this case. The deadline to comply was July 5, 2024. Hafner did not amend his pleading or otherwise respond to the Screening Order. Accordingly, it is **HEREBY ORDERED** that:

1. The Complaint, ECF No. 1, is **DISMISSED** for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3) or, alternatively, for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A;

2. All pending motions are **DENIED AS MOOT**;

3. This case is now **CLOSED**; and

4. The Court will separately enter **FINAL JUDGMENT**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE